NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 32

No. 25-AP-401

| | |
|---|---|
| Jennifer Townsend | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Family Division |
| | |
| Cody Townsend | May Term, 2026 |

Elizabeth D. Mann, J.

Meghan Kennedy and Emily Lindahl, Student Clinicians, and Mary Mason and Chester Harper, Counsel, South Royalton Legal Clinic, South Royalton, for Plaintiff-Appellant.

Chris Whidden of Whidden Law Office, LLC, Baltimore, for Defendant-Appellee.

Mackenzie Harrison and Taleia Barksdale, Vermont Legal Aid, Inc., Burlington, for Amicus Curiae Victims' Rights Project.

PRESENT: Reiber, C.J., Eaton, Waples, Nolan and Drescher, JJ.

¶ 1. **REIBER, C.J.** Plaintiff Jennifer Townsend appeals the trial court's order denying her request to extend a relief-from-abuse (RFA) order against defendant Cody Townsend because of his existing probation conditions. We conclude probation conditions and RFA orders serve different purposes; one does not substitute for the other. Accordingly, we reverse and remand.

¶ 2. The following facts are undisputed. Plaintiff and defendant married and had three children together. They are currently separated. In October 2024, plaintiff sought and obtained an RFA order against defendant for a one-year period based on two incidents where he repeatedly struck her. The trial court found that defendant had physically harmed plaintiff, and plaintiff was

placed in fear of imminent harm. Defendant later violated the RFA order. In September 2025, in a criminal proceeding, he pleaded guilty to two counts of violating the RFA order pursuant to a plea agreement.[*] In the agreement, defendant agreed to a four-year probation term with conditions prohibiting him from contacting, abusing, or harassing plaintiff, or engaging in any violent or threatening contact with plaintiff.

¶ 3. In October 2025, plaintiff moved to extend the final RFA order. She asserted that defendant continued to stalk her, and she was afraid of him. At the hearing, defendant opposed the motion, asserting he was already subject to probation conditions that protected plaintiff in the criminal action. Plaintiff responded that she was only party to the civil RFA proceeding and not the criminal case. Plaintiff argued that defendant's probation officer could modify the conditions and allow defendant to contact her with no legal requirement for her input, knowledge, or consent. Defendant agreed at the hearing that his probation officer, not plaintiff, would determine how and when he could have contact with plaintiff.

¶ 4. The court acknowledged that it had to decide whether extending the RFA order was "necessary to protect the plaintiff . . . from abuse." 15 V.S.A. § 1103(e). By statute, the court did not need "to find that abuse ha[d] occurred during the pendency of the order to extend the terms of the order." Id. It recognized that plaintiff had a continuing need for protection and turned to comparing the RFA order and probation protections. The court concluded the probation conditions would provide plaintiff with "the same protections" as the RFA order. It also reasoned that the probation conditions provided plaintiff with "more substantial teeth" than the RFA order. Thus, it denied the motion, concluding that extending the RFA order would not provide greater protection to plaintiff than defendant's probation conditions. Plaintiff appeals.

---

[*] In its entry order denying plaintiff's motion to extend the RFA order, the trial court stated that defendant entered a plea agreement subjecting him to probation in September 2024, but the record shows the plea agreement was signed in September 2025.

¶ 5. The family court has broad discretion in deciding whether to extend an existing RFA order. See Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513, 955 A.2d 1135 (underscoring family court's "unique position" to assess abuse-prevention matters); Thibodeau v. Thibodeau, 2005 VT 14, ¶ 7, 178 Vt. 457, 869 A.2d 142 (mem.) ("The family court is given broad discretion in determining questions of fact, and we review its findings for clear error."). We review its decision "for an abuse of discretion." Raynes, 2008 VT 52, ¶ 9. We will uphold the court's findings if they are supported by the evidence and its conclusions if they are supported by the findings. Id.; Thibodeau, 2005 VT 14, ¶ 7. In other words, if the court provided a reasonable basis for its decision, we will uphold it. See Forrett v. Stone, 2021 VT 17, ¶ 35, 214 Vt. 283, 256 A.3d 585 (recognizing that trial court abuses its discretion in ruling on motion to extend RFA order "only when the trial court has entirely withheld its discretion or where the exercise of its discretion was for clearly untenable reasons or to an extent that is clearly untenable" (quotation omitted)); In re John L. Norris Tr., 143 Vt. 325, 327, 465 A.2d 1385, 1387 (1983) (explaining that, under abuse-of-discretion standard, we will not reverse "if there is a reasonable basis for the action of the trial court").

¶ 6. Vermont's Abuse Prevention Act permits a family or household member to seek a protective order against another who has abused them where there is danger of further abuse. 15 V.S.A. § 1103(a), (c)(1)(A). We have stressed that the RFA statute's central remedial purpose "focus[es] solely on the plaintiff's need for immediate and prospective protection from the defendant" rather than on "hold[ing] perpetrators liable for past acts of violence." Raynes, 2008 VT 52, ¶¶ 8, 13. The statute's focus on prospective victim protection thereby commands courts to supply "prompt" relief through "inexpensive and uncomplicated proceedings." Id. ¶ 8 (quotation omitted). Thus, the RFA statute permits victims to seek "a unique legal remedy" that aims to "end[] the cycle of domestic violence before it escalates." Id.

¶ 7. In contrast, probation's gravamen is offender-focused and within the greater context of offender rehabilitation. See State v. Hale, 137 Vt. 162, 164, 400 A.2d 996, 998 (1979) ("As to the purposes of probation it has many times been categorized as rehabilitative."); 28 V.S.A. § 252 (listing probation conditions calculated to "ensure that the offender will lead a law-abiding life or to assist the offender to do so" (emphases added)). Indeed, 28 V.S.A. § 200, titled "Purpose of probation," states that "the purpose of probation is to rehabilitate offenders, reduce the risk that they will commit a subsequent offense, and protect the safety of the victim and the community."

¶ 8. The respective focuses of RFA orders and probation conditions are further reflected in their modification and enforcement processes. RFA orders may be modified "upon motion by either party and a showing of a substantial change in circumstance." 15 V.S.A. § 1103(e). Probation conditions, however, may only be modified upon motion by the court, the probation officer, or the offender—but not the victim. 28 V.S.A. § 253(a). In the event the court proposes modifying probation conditions, the offender has a right to contest the modification. Id. § 253(b). But no parallel right exists for the victim in a criminal case, meaning that they would have no standing as a party under law to contest modification of probation conditions that may directly affect them. See 13 V.S.A. § 5319 ("The rights of victims contained in this chapter do not entitle a victim to be a party in any proceeding . . . .").

¶ 9. Moreover, RFA orders protect victims through earlier enforcement methods than those offered in response to a probation violation. Under the RFA statute, an officer may arrest someone without a warrant if the officer has probable cause to believe they violated an RFA order. 15 V.S.A. § 1108(a)(1) (permitting arrest in accordance with V.R.Cr.P. 3); V.R.Cr.P. 3(c)(6) (authorizing arrest without warrant if arrestee "violated an order issued by a court"); see 15 V.S.A. § 1108(b) (empowering law enforcement to "rely upon a copy" of RFA order provided by "any source," such as victim). On the other hand, a warrantless arrest for violation of probation may arise if "a correctional officer believes the person has violated a condition of [their] probation."

4

V.R.Cr.P. 3(d)(1). Under this enforcement structure, an offender's probation officer must authorize the offender's arrest, a process more indirect and necessarily slower than the RFA statute's enforcement procedure. Slow enforcement response contravenes the RFA statute's emphasis on rapidity, which we have repeatedly recognized in describing its provided relief as "immediate," "prompt," and "fast." Raynes, 2008 VT 52, ¶¶ 8, 15; Rapp v. Dimino, 162 Vt. 1, 4, 643 A.2d 835, 836-37 (1993) (observing statute's focus on "fast, temporary relief" to those "in immediate danger").

¶ 10. Here, plaintiff argues that the court abused its discretion in declining to extend the RFA order despite finding that she continued to need protection. As set forth above, the court recognized plaintiff needed protection from defendant but concluded plaintiff would be protected by the probation conditions in lieu of extending the RFA order. This conclusion was an abuse of discretion. Only the RFA order is designed for victim protection. Thus, the trial court erred in concluding defendant's probation conditions are a substitute for an extension of the RFA order. Given our conclusion, we need not reach plaintiff's remaining arguments in support of reversal.

¶ 11. Probation conditions do not take the place of an RFA order. Concluding otherwise would relegate victims to an indirect and ancillary role that exists for them in the probation-modification process, a role where notice and the victim's voice are not required by law before a decision might be made about the victim's protection. Raynes, 2008 VT 52, ¶ 8 (acknowledging RFA statute's purpose is to provide victims with "uncomplicated proceedings" (quotation omitted)).

The decision of the trial court is reversed and remanded for proceedings consistent with this decision.

FOR THE COURT:

_____

Chief Justice

5